IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS DELRIO,<br><br>Defendant. | Case No. CR10-0090<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of September, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, E. Daniel O'Brien

## RELEVANT FACTS

On September 14, 2010, Defendant Jesus Delrio was charged by Indictment (docket number 8) with conspiracy to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on November 15, 2010.

Steven Warner, an officer with the High Risk Unit of the Department of Correctional Services, and assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. In May 2010, Tony Miranda ("Miranda") was under investigation for methamphetamine trafficking activities. In late June 2010, a wiretap was placed on Miranda's phone. On July 15, 2010, law enforcement intercepted a call between Miranda and Defendant. Miranda told Defendant that he needed four ounces of methamphetamine.

1

In late July 2010, a wiretap was placed on a phone belonging to Salvador Figueora ("Figueora"), a co-defendant in this case. Law enforcement intercepted over 200 calls between Defendant and Figueora, including discussions of cutting methamphetamine. In a conversation intercepted on September 5, 2010, Figueora asked Defendant to go along with another person to collect a $2500 drug debt. Defendant agreed to accompany the person collecting the debt. In another intercepted call on the same date, Figueora and Defendant discussed another individual owing a drug debt. Defendant agreed to take the person's truck and gold chain, and instruct the individual to pay the debt or Figueora would keep the truck and gold chain and send people from "down south" to collect the debt.

On September 20, 2010, law enforcement executed a search warrant on Defendant's residence in Columbus Junction, Iowa. Defendant was arrested and his residence was searched. The officers found shotgun shells, steel knuckles, and Mexican identification cards with Figueora's photo and the name Mendoza on them. On the same date, law enforcement executed a search warrant on Figueora's residence in Des Moines, Iowa. Figueora was arrested and the residence was searched. The officers found 7 to 9 pounds of methamphetamine and $24,000 in cash. Figueora also informed officers that his name was Mendoza.

According to the pretrial services report, Defendant is 36 years old. He was born and raised in California. Defendant's mother and two siblings reside in California. Defendant has two teenage children from a relationship with a woman in California. The children reside with their mother in California. Defendant has two younger children from a two-year marriage with another woman that ended in divorce. Those children also reside in California with their mother. Defendant moved to Iowa about six years ago. In Iowa, Defendant is currently in a relationship with a woman that has lasted four years. They have one child together who is 2 years old.

Defendant has been employed by Tyson Foods for the past six years. He currently works as a shipping supervisor at Tyson Foods in Columbus Junction. However, Defendant's supervisor advised the pretrial services officer that due to the nature of the charges alleged against him, Defendant's employment will likely be terminated.

Defendant is in good physical health and has no past or present mental health or emotional concerns. Defendant reports that his alcohol consumption has not been problematic, but acknowledges a recent conviction for operating a vehicle while intoxicated. Defendant indicated that he used marijuana as a teenager. In the past two years, he began using marijuana again. He stated that he smokes marijuana about once per month. Defendant also reported that he tried methamphetamine as a teenager. Recently, Defendant used methamphetamine once three months ago. He stated that he smoked the remaining portion of a baggie of methamphetamine he found while renovating a house.

Defendant has a limited prior criminal record. He has one conviction for operating a motor vehicle while under the influence of alcohol in April 2010. Defendant was sentenced to 30 days in jail with 28 days suspended. He was also placed on one year of probation. There is no indication that Defendant has failed to appear for any court hearings.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the

defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, which is an offense found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. The weight of the evidence against Defendant is strong. A wiretap on Figueora's phone resulted in the interception of over 200 calls between Defendant and Figueora, including conversations involving the distribution of methamphetamine. Law enforcement discovered 7 to 9 pounds of methamphetamine and $24,000 cash after execution of a search warrant at Figueora's residence. Some of the intercepted phone calls also involved Figueora asking Defendant to aid in the collection of money for drug debts. In a search of Defendant's residence, law enforcement found steel knuckles. If convicted of the offense charged in the Indictment, Defendant faces a mandatory minimum of 10 years in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 20, 2010) to the filing of this Ruling (September 23, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of September, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA